UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

WILLIAM LEE,

        Plaintiff,

v.

NICOLE MCGUIRE,

        Defendant.

No.  1:20-CV-00058-H

## **ORDER**

Third-party witness Xciana Cruz timely filed a motion to quash Plaintiff's subpoena ad testificandum.  Federal Rule of Civil Procedure 45 requires the Court to quash or modify a subpoena that requires a person to comply beyond the 100-mile geographical limit of the rule or that subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(ii) & (iv).  To determine whether a subpoena presents an undue burden, the court weighs several factors, including the relevance of the information the witness is expected to provide, the need of the party for the witness's testimony, and the burden imposed.  *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Moreover, where a subpoena requests information from a nonparty, as it does here, the court must be sensitive to the nonparty's compliance costs."  *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022).

Plaintiff acknowledges that Ms. Cruz was served, resides, and is employed in Cotulla, Texas, more than 320 miles from Abilene, where Plaintiff's trial is taking place.  He explains that Ms. Cruz is expected to testify generally about correspondence that Plaintiff

received while he was incarcerated in TDCJ's Cotulla Unit.  Plaintiff argues that, despite the 100-mile rule, the Court has the discretion to compel Ms. Cruz's attendance.

Cotulla is well outside the 100-mile range permitted by the rule.  Thus, under the plain language of Rule 45, the Court must quash or modify the subpoena.  Additionally, the Court is mindful that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which [a] fact witness[] must be away from their regular employment." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) (citing Fed. R. Civ. P. 45).  Moreover, Ms. Cruz's expected testimony,[1] while relevant, will at most corroborate the testimony of other witnesses.  Without more information about the substance of Ms. Cruz's expected testimony, the Court cannot say that its importance outweighs the clear burden that would be imposed by compelling her attendance at trial.  And the plaintiff has neither requested nor suggested a viable option for modification.

The Court concludes that Plaintiff's subpoena seeks compliance beyond the geographical limits imposed by Rule 45(c) and would subject Ms. Cruz to undue burden.  For these reasons, the Court grants Ms. Cruz's motion to quash.

So ordered on August 26, 2025.

James Wesley Hendrix
United States District Judge

---

[1] Plaintiff stated that he has not spoken to Ms. Cruz.  Additionally, Plaintiff has not provided any records or other documents related to Ms. Cruz's expected testimony about mail or other correspondence received by Plaintiff at the Cotulla Unit.  Thus, her testimony may or may not corroborate the existence of other correspondence between the plaintiff and the defendant.